UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

WALTER RANDOLPH SAMPLES,

    Plaintiff,

v.                                           Case No.

INSURANCE ADMINISTRATIVE
SOLUTIONS, LLC,

    Defendant.

_____

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, Walter Randolph Samples, hereby sues Defendant, Insurance Administrative Solutions, LLC, and in support thereof alleges as follows:

### Nature of Action

1. Plaintiff, Walter Randolph Samples ("Samples") brings this action against Defendant, Insurance Administrative Solutions, LLC ("IAS"), to remedy civil rights violations in the form of age discrimination in violation of the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. §621, *et seq.* ("ADEA").

### Jurisdiction, Parties and Venue

2. Samples is a resident of Pinellas County, Florida.

3. IAS is a domestic limited liability company with its principal place of business in Pinellas County, Florida.

4. The acts complained of herein occurred in Pinellas County, Florida.

5. This is an action for equitable relief, including injunctive relief, and damages

in excess of $15,000.00.

6. Jurisdiction and venue properly lay in this Court.

**General Facts**

7. Samples began his employment with IAS' predecessor company on or about July 15, 1998, and held positions of increasing responsibility until he was ultimately promoted to President of IAS on or about April 1, 2008. Samples served as IAS' President until August 27, 2013.

8. IAS notified Samples that his employment was being terminated on August 9, 2013.

9. Samples was 71 years of age at the time of his termination.

10. IAS immediately replaced Samples with a 48-year-old.

11. Upon information and belief, IAS hired the 48-year-old to replace Samples sometime prior to August 9, 2013, and before IAS notified Samples that it intended to terminate his employment.

12. Throughout Samples' tenure as President, his performance was above-satisfactory, on target, and he received no verbal or written counseling of any kind.

13. When IAS notified Samples of his termination, it did not state any reason for the termination, nor had IAS given Samples any reason to believe his employment was in jeopardy previously.

14. At the meeting announcing Samples' termination on August 11, 2013, IAS's Chief Executive Officer, Delos H. Youncy, III, explained that Samples' replacement was a "young man" and "let's face it, Randy's [i.e., Samples'] not getting any younger."

15. To Samples' knowledge, the only reason IAS has given for his termination was his age.

### COUNT I
### Age Discrimination in Violation of the ADEA

16. Samples restates and incorporates herein the allegations in paragraphs 1 through 14 above.

17. Samples complied with any applicable conditions precedent and exhausted all administrative remedies prior to bringing this action, including:

    a) Filing a Charge of Discrimination ("Charge") with the United States Equal Employment Opportunity Commission ("EEOC") on or about October 7, 2013, within the requisite 300 days of Samples' termination from IAS.

    b) Filing this action after 60 days elapsed from the date of filing his Charge with the EEOC.

18. At all material times, Samples was an "employee" of the IAS within the meaning of the ADEA.

19. At all material times, IAS was an "employer" within the meaning of the ADEA.

20. Samples was qualified for his position as President of IAS, having performed it successfully for more than five (5) years.

21. Samples was replaced by an individual who is substantially younger than Samples.

22. Samples was at least as qualified for his position as the younger individual who replaced him.

23. IAS terminated Samples' employment because of his age in violation of the ADEA.

24. IAS' violation of the ADEA was willful and not in good faith.

25. As a result of the foregoing actions, Samples suffered lost wages and benefits, emotional distress, damages to his professional reputation and career, and other intangible injuries.

26. As a result of the foregoing actions, Samples retained the undersigned law firm to which he is obligated to pay reasonable attorneys' fees, costs and expenses.

27. Samples is entitled to recover his attorneys' fees, costs and other litigation expenses from IAS if he prevails in this action pursuant to the ADEA.

**WHEREFORE**, Samples requests that this Honorable Court enter judgment in his favor and against IAS:

A. Taking jurisdiction over this action;

B. Declaring that IAS violated the ADEA and that IAS's violation of the ADEA was willful and not in good faith;

C. Awarding Samples the amount of his back pay and benefits for a period of up to three years due to IAS's willful violation of the law;

D. Awarding Samples front pay and benefits in lieu of reinstatment due to the irronconciable differences between the parties resulting from IAS' unlawful, insulting and offensive termination of Samples, or, if the Court finds reinstatment preferable, then reinstating Samples with full seniority and benefits as though he had not been terminated;

4

E. Awarding Samples liquidated damages in an amount equal to the compensation awarded (requested in paragraph C above) due to IAS's lack of good faith or, alternatively, awarding Samples pre-judgment interest;

F. Awarding Samples costs and reasonable attorneys' fees pursuant to 29 U.S.C. §216(b);

G. Awarding pre-judgment and/or post-judgment interest as appropriate; and

H. Awarding such other relief as it deems just and proper including without limitation any actual or nominal damages warranted.

**PLAINTIFF DEMANDS A TRIAL BY JURY ON ALL ISSUES SO TRIABLE.**

SHANKMAN LEONE, P.A.

David S. Shankman
FBN: 0940186
dshankman@shankmanleone.com
Kendra Presswood
FBN: 0935001
kpresswood@shankmanleone.com
609 E. Jackson Street, Suite 100
Tampa, Florida 33602
Phone: (813) 223-1099
Fax: (813) 223-1055
Attorneys for Plaintiff